UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| |
| --- |
| LISA L. MALIK, | Case No. 1:08-cv-234 |
| Plaintiff, | HONORABLE PAUL MALONEY |
| v. | |
| AT&T MOBILITY, LLC, a/k/a CINGULAR WIRELESS, LLC, | |
| Defendant. | |

**Opinion and Order**

**Ordering the Plaintiff to Amend the Complaint By Friday, June 13, 2008**

Plaintiff Lisa L. Malik ("Malik") filed this Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") action in Michigan state court on February 19, 2008. The sole defendant, AT&T Mobility, LLC ("AT&T") timely removed the case to this court. AT&T has filed a motion to dismiss the entire complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim, or in the alternative for partial summary judgment on claims that it contends are barred by *res judicata*. Plaintiff Lisa L. Malik ("Malik") filed a brief in opposition, and AT&T did not file a reply brief. For the reasons that follow, the court holds the motion in abeyance while it affords Malik an opportunity to amend her complaint in a way that may eliminate or simplify at least the *res judicata* question.

<u>Malik's Prior FCRA Case in this Court was Remanded to State Court due to Lack of Subject-Matter Jurisdiction.</u>  In January 2008, Jason M. Malik and Lisa L. Malik, proceeding *pro se* (without an attorney), filed an action in Michigan's 61st District Court against three defendants: AT&T Mobility, LLC ("AT&T"); Sprint Communications Company, LP ("Sprint"); and CIT Financial USA, Inc. ("CIT").  The state court assigned that case docket number 2008-GC-01.  On February 8, 2008, AT&T filed a notice purporting to remove that case to this court, and the case was assigned federal docket number 1:2008-cv-140.

On February 15, 2008, defendant AT&T filed a stipulation of dismissal as to itself only.  That same day, the Clerk's Office docketed a notice that it had received from Malik the day before.  In the notice, Malik stated,

> Please take notice that Defendant AT&T Mobility, LLC has been dismissed from the State Court Action 2008-GC-00001 that was pending in the 61st District Court. Plaintiffs and in house counsel for AT&T Mobility, LLC, Ms. Marian Taylor[,] were in settlement discussions and settled the pending claims in that case.  Mr. Malik assured Ms. Taylor [that] a Motion to Dismiss with Prejudice would be filed.  This Motion to Dismiss AT&T Mobility, LLC was filed [in state court] on February 06, 2008 [and] was subsequently granted on February 11, 2008.  (*See Exhibit "A"*).
>
> Being as the subsequent [sic] state case was Dismissed With Prejudice as to Defendant AT&T before it was removed to this Honorable Court on February 12, 2008[,] Defendant AT&T had no authority on which to remove the case to this Honorable Court. * * *

Pls.' Feb. 14, 2008 Notice at 1-2.

Malik was correct: because defendant AT&T was dismissed with prejudice from the state-court action by order of Michigan District Judge Patrick C. Bowler dated February 11, 2008, AT&T had no right or authority to remove the case to this court several days later.  And no other defendant filed a notice of removal.

The Maliks stated that they did not object to Case No. 1:2008-cv-140 being heard in federal

-2-

court.  Only defendants, however, are authorized to remove a case from state court to federal court, not plaintiffs.  *See Cook v. Lankford*, 17 F. App'x 351, 352 (6th Cir. 2001) (noting with approval, "the district court remanded this proceeding to [state court] pursuant to 28 U.S.C. § 1447(c), on the ground that a plaintiff has no right to remove a civil action from state court to federal district court.");*Russell v. Caruso*, 2007 WL 3232126, *2 (W.D. Mich. Oct. 30, 2007) (Maloney, J.) (citing, *inter alia*, *Hakim-El DTE Energy*, 2007 WL 2541772, *1 (E.D. Mich. Aug. 31, 2007) and *McCane v. McCane*, 47 F. Supp.2d 848, 851 (E.D. Mich. 1999)).

Consequently, this court determined that no party had effected a valid removal of the case to federal court, and the Maliks were not eligible to seek removal.  Therefore, on February 11, 2008, this court remanded the Maliks' case number 1:2008-cv-140 to state court for lack of removal jurisdiction.

AT&T's motion to dismiss contends that the entire complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim on which relief be granted.  Alternatively, AT&T contends that part of the complaint must be dismissed under the doctrine of *res judicata*.  AT&T explains its opinion that

> this is the second suit that Plaintiff has filed regarding AT&T's alleged violation of the [FCRA].  The first was filed on or about January 3, 2008.  This suit [Dkt. No. 1:2008-cv-140] was dismissed *with prejudice* on February 11, 2008.  However, Plaintiff's most recent Complaint alleges that AT&T impermissibly obtained her credit report on *October 30, 2007* (Paragraph 10) and *December 27, 2007* (Paragraph 9, 14), prior to the date of dismissal with prejudice of the previous suit.  The Complaint in the case at bar alleges that only one incident occurred after the dismissal of her prior suit, on February 16, 2008. (Paragraph 22.)  For the reasons set forth here in, AT&T denies improperly accessing Plaintiff's credit report at any time.  However, in the event that this Court finds that Plaintiff has stated a valid claim, all claims under the [FCRA] that are alleged to have arisen before February 11, 2008, are barred by *res judicata*.
> 
> \* \* \*
> 
> The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on

> the merits of an action precludes "the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "Under Michigan law, three conditions must be satisfied before *res judicata* will be invoked to preclude further litigation: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case either were resolved in the first, or, through the exercise of reasonable diligence, might have been raised and resolved in the first case; and (3) both actions involved the same parties or their privies." *Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 257-58 (6th Cir. 1993).
>
> The prior action that was filed on January 3, 2008, was voluntarily dismissed with prejudice [in state court, as to AT&T Mobility]. A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect. *Warfield v. Allied Signal*, 267 F.3d 538, 542 (6th Cir. 2001) . . . . Accordingly, there is no dispute that the prior action was decided on its merits. Plaintiff's claim that AT&T violated the [FCRA] on October 30, 2007, and December 27, 2007, was or reasonably could have been raised in a suit filed by Plaintiff against AT&T on January 3, 2008. The Complaint in that case did, in fact, purport to state a claim under the [FCRA]. Finally, there is no dispute that Lisa Malik was as plaintiff in both the prior suit and the case at bar, or over the fact that AT&T Mobility was a defendant in both cases. Accordingly, any claim for damages arising out of AT&T's alleged violation of the [FCRA] before February 11, 2008, the date the first suit was dismissed, is barred by *res judicata*.

AT&T Opening Brief in Support of Mot. to Dismiss or for Partial Summ. J. ("MTD") at 2 and 7-8.

Malik responds that

> AT&T's Res Judicata defense is misplaced. Plaintiff agrees that [the] October 30, 2007 and December 27, 2007 inquiries on her *Equifax* report would be precluded by Res Judicata. However, in this Complaint, Mrs. Malik was not attempting to allege violations prior to the February 4, 2008 non-permissible inquiry on her *Experian* credit report. The October 30, 2007 and December 27, 2007 inquiries on *Equifax* were referred to only as part of a brief history of the case to make this Honorable Court aware of the previous communications and outcome between Mr. And Mrs. Malik and attorneys for AT&T on the other case.
>
> Nevertheless, *Plaintiff is going to move this Honorable Court in a separate motion for Leave to Amend her Complaint to eliminate possible confusion regarding which inquiries are the subject of the current action*. Lastly, Mrs. Malik's claim for the February 4, 2008 impermissible pull of her *Experian* report should be allowed to stand. The clear reason for this is because Mrs. Malik was unaware of the February 4, 2008 pull of her *Experian* credit report until the *night* of [Friday] February 8, 2008. Mr. Malik then e-mailed [AT&T counsel] Ms. Taylor to which he did not

-4-

>    receive a response until Monday February 11, 2008 after the Order dismissing AT&T
>    from the previous case had already been entered. Therefore those claims should be
>    allowed to stand.

Malik's Brief in Opposition to Dismissal or Partial Summary Judgment ("Malik's Opp'n") at unnumbered pages 8-9 (emphasis added). To date, Malik has not yet sought to amend the complaint as promised in her opposition brief.

## ORDER

Accordingly, no later than Friday, June 13, 2008, the plaintiff **SHALL FILE AN AMENDED COMPLAINT** which clarifies the identity of the allegedly impermissible credit-report "pulls" for which she seeks relief or does not seek relief in this action.

**IT IS SO ORDERED this 6th day of May 2008.**

/s/ Paul L. Maloney
_____
Honorable Paul L. Maloney
United States District Judge