UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                       |
LISA L. MALIK,                         |   Case No. 1:08-cv-234
                                       |
    Plaintiff,                         |   HONORABLE PAUL MALONEY
                                       |
    v.                                 |
                                       |
AT&T MOBILITY, LLC, a/k/a              |
CINGULAR WIRELESS, LLC, and            |
JOHN DOE and JANE DOE,                 |
                                       |
    Defendants.                        |
                                       |
_____

## Opinion and Order

**Granting the Defendants' Unopposed Motion for Summary Judgment;
Dismissing the Second Amended Complaint;
Terminating and Closing the Case**

Plaintiff Lisa L. Malik ("Malik") filed this Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") action in Michigan state court on February 19, 2008. The sole defendant, AT&T Mobility, LLC ("AT&T") timely removed the case to this court. AT&T filed a motion to dismiss the entire complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim, or in the alternative for partial summary judgment on claims that it contends are barred by *res judicata*. Plaintiff Lisa L. Malik ("Malik") filed a brief in opposition, and AT&T did not file a reply brief. This court held AT&T's motion in abeyance while it afforded Malik an opportunity to amend her complaint in a way that might eliminate or simplify at least the *res judicata* question.

<u>Malik's Prior FCRA Case in this Court was Remanded to State Court due to Lack of Subject-Matter Jurisdiction.</u>  In January 2008, Jason M. Malik and Lisa L. Malik, proceeding *pro se* (without an attorney), filed an action in Michigan's 61st District Court against three defendants: AT&T Mobility, LLC ("AT&T"); Sprint Communications Company, LP ("Sprint"); and CIT Financial USA, Inc. ("CIT").  The state court assigned that case docket number 2008-GC-01.  On February 8, 2008, AT&T filed a notice purporting to remove that case to this court, and the case was assigned federal docket number 1:08-cv-140.

On February 15, 2008, defendant AT&T filed a stipulation of dismissal as to itself only.  That same day, the Clerk's Office docketed a notice that it had received from Malik the day before.  In the notice, Malik stated,

> Please take notice that Defendant AT&T Mobility, LLC has been dismissed from the State Court Action 2008-GC-00001 that was pending in the 61st District Court.  Plaintiffs and in house counsel for AT&T Mobility, LLC, Ms. Marian Taylor[,] were in settlement discussions and settled the pending claims in that case.  Mr. Malik assured Ms. Taylor [that] a Motion to Dismiss with Prejudice would be filed.  This Motion to Dismiss AT&T Mobility, LLC was filed [in state court] on February 06, 2008 [and] was subsequently granted on February 11, 2008.  (*See Exhibit "A"*).
>
> Being as the subsequent [sic] state case was Dismissed With Prejudice as to Defendant AT&T before it was removed to this Honorable Court on February 12, 2008[,] Defendant AT&T had no authority on which to remove the case to this Honorable Court. * * *

Pls.' Feb. 14, 2008 Notice at 1-2.

Malik was correct:  because defendant AT&T was dismissed with prejudice from the state-court action by order of Michigan District Judge Patrick C. Bowler dated February 11, 2008, AT&T had no right or authority to remove the case to this court several days later.  And no other defendant filed a notice of removal.  Consequently, this court determined that no party had effected a valid removal of the case to federal court, and the Maliks were not eligible to seek removal.  Therefore,

on February 11, 2008, this court remanded the Maliks' Case No. 1:08-cv-140 to state court for lack of removal jurisdiction.

AT&T's motion to dismiss the original complaint contended that the entire complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim on which relief be granted. Alternatively, AT&T contended that part of the complaint must be dismissed under the doctrine of *res judicata*. AT&T explained its opinion that

> this is the second suit that Plaintiff has filed regarding AT&T's alleged violation of the [FCRA]. The first was filed on or about January 3, 2008. This suit [Dkt. No. 1:08-cv-140] was dismissed *with prejudice* on February 11, 2008. However, Plaintiff's most recent Complaint alleges that AT&T impermissibly obtained her credit report on *October 30, 2007* (Paragraph 10) and *December 27, 2007* (Paragraph 9, 14), prior to the date of dismissal with prejudice of the previous suit. The Complaint in the case at bar alleges that only one incident occurred after the dismissal of her prior suit, on February 16, 2008. (Paragraph 22.) For the reasons set forth here in, AT&T denies improperly accessing Plaintiff's credit report at any time. However, in the event that this Court finds that Plaintiff has stated a valid claim, all claims under the [FCRA] that are alleged to have arisen before February 11, 2008, are barred by *res judicata*.
>
> \* \* \*
>
> The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes "the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "Under Michigan law, three conditions must be satisfied before *res judicata* will be invoked to preclude further litigation: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case either were resolved in the first, or, through the exercise of reasonable diligence, might have been raised and resolved in the first case; and (3) both actions involved the same parties or their privies." *Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 257-58 (6th Cir. 1993).
>
> The prior action that was filed on January 3, 2008, was voluntarily dismissed with prejudice [in state court, as to AT&T Mobility]. A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect. *Warfield v. Allied Signal*, 267 F.3d 538, 542 (6th Cir. 2001) . . . . Accordingly, there is no dispute that the prior action was decided on its merits. Plaintiff's claim that AT&T violated the [FCRA] on October 30, 2007, and December 27, 2007, was or reasonably could have been raised in a suit filed by Plaintiff against AT&T on January 3, 2008. The Complaint in that case did, in fact, purport to state a claim

> under the [FCRA]. Finally, there is no dispute that Lisa Malik was as plaintiff in both the prior suit and the case at bar, or over the fact that AT&T Mobility was a defendant in both cases. Accordingly, any claim for damages arising out of AT&T's alleged violation of the [FCRA] before February 11, 2008, the date the first suit was dismissed, is barred by *res judicata*.

AT&T Opening Brief in Support of Mot. to Dismiss or for Partial Summ. J. ("MTD") at 2 and 7-8.

> Malik responded that
>
> AT&T's Res Judicata defense is misplaced. Plaintiff agrees that [the] October 30, 2007 and December 27, 2007 inquiries on her *Equifax* report would be precluded by Res Judicata. However, in this Complaint, Mrs. Malik was not attempting to allege violations prior to the February 4, 2008 non-permissible inquiry on her *Experian* credit report. The October 30, 2007 and December 27, 2007 inquiries on *Equifax* were referred to only as part of a brief history of the case to make this Honorable Court aware of the previous communications and outcome between Mr. And Mrs. Malik and attorneys for AT&T on the other case.
>
> Nevertheless, *Plaintiff is going to move this Honorable Court in a separate motion for Leave to Amend her Complaint to eliminate possible confusion regarding which inquiries are the subject of the current action*. Lastly, Mrs. Malik's claim for the February 4, 2008 impermissible pull of her *Experian* report should be allowed to stand. The clear reason for this is because Mrs. Malik was unaware of the February 4, 2008 pull of her *Experian* credit report until the *night* of [Friday] February 8, 2008. Mr. Malik then e-mailed [AT&T counsel] Ms. Taylor to which he did not receive a response until Monday February 11, 2008 after the Order dismissing AT&T from the previous case had already been entered. Therefore those claims should be allowed to stand.

Malik's Brief in Opposition to Dismissal or Partial Summary Judgment as to the Original Complaint ("Malik's Opp'n") at unnumbered pages 8-9 (emphasis added).

Accordingly, by order issued May 6, 2008, this court directed Malik to "file an amended complaint, no later than Friday, June 13, 2008 . . . which clarifies the identity of the allegedly impermissible credit-report 'pulls' for which she seeks relief or does not seek relief in this action." Malik filed an amended complaint on May 19, 2008, and AT&T moved to dismiss the first amended complaint on May 29, 2008.

By leave of court granted June 4, 2008, Malik filed a *second* amended complaint on June 6, 2008. AT&T filed an answer to the second amended complaint on June 9, 2008, and the Magistrate Judge held a case management and scheduling conference on August 8, 2008.

Because the first amended complaint was superseded and nullified by the filing of the second amended complaint, this court by opinion and order issued August 30, 2008, denied without prejudice as moot the defendant AT&T's motion to dismiss the first amended complaint.

On Thursday, December 11, 2008, AT&T filed a motion for summary judgment on the second amended complaint. AT&T's motion for summary judgment is straightforward. AT&T alleges and contends as follows:

> 1) Plaintiff alleges that Defendants, AT&T Mobility and its employees "John and Jane Doe," obtained her Experian credit report without a "permissible purpose," as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. *et seq.* See Plaintiff's Second Amended Complaint, Docket No. 22.
>
> 2) Defendants served discovery requests on Plaintiff inquiring as to the factual basis for this claim. Plaintiff responded by referencing a copy of her Experian credit report, which shows inquiries for AT&T Mobility on February 4th and 16th 2008. (See Exhibit 1.)
>
> 3) As shown by the attached Affidavit of Kira Walker, a Specialist Consultant in Consumer Affairs for Experian, Experian did not, in fact, provide AT&T Mobility with plaintiff's credit report. Rather, on the dates indicated on the credit report, AT&T Mobility had Experian run a "social search." (See Exhibit 2.) The purpose of this search is to verify a person's name, address, and social security number. Presumably, someone using Plaintiff's identity attempted to open an account with AT&T Mobility, thus resulting in the "social search."
>
> 4) No account was ever opened with AT&T Mobility, nor was AT&T Mobility provided with a copy of Plaintiff's credit report, nor was Plaintiff's credit score affected as a result of the "social search" or by any other action by AT&T Mobility.
>
> 5) Since AT&T Mobility did not obtain Plaintiff's credit report as alleged, Plaintiff cannot make a prima facie case against AT&T Mobility under the Fair Credit Reporting Act, and her Complaint should be dismissed with prejudice.

AT&T's MSJ at 2.

**SUMMARY JUDGMENT**

Summary judgment is proper if the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Appalachian Railcar Servs., Inc. v. Consumers Energy Co.*, – F. Supp.2d –, 2008 WL 828112, *13 (W.D. Mich. Mar. 25, 2008) (Maloney, J.) ("ARS") (quoting *Conley v. City of Findlay*, 266 F. App'x 400, 404 (6th Cir. 2008) (Griffin, J.)); *see also Patterson v. Hudson Area Schools*, – F.3d –, –, 2009 WL 22859, *6 (6th Cir. Jan. 6, 2009) (quoting FED. R. CIV. P. 56(c)). *Accord Brown v. Brown*, 739 N.W.2d 313, 316 (Mich. 2007);*Wiedyk v. Poisson*, 2009 WL 30456, *1 (Mich. App. Jan. 6, 2009) (p.c.) (P.J. Murray, JJ. Markey & Wilder) (citing MICH. CT. R. 2.116(C)(10)).

The movant has the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x at 404 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). However, the movant "need not support its motion with affidavits or other materials 'negating' the opponent's claim"; rather, the movant's initial burden is only to "point out to the district court that there is an absence of evidence to support the nonmoving party's case . . . ." *Wilson v. Continental Dev. Co.*, 112 F. Supp.2d 648, 654 (W.D. Mich. 1999) (Bell, J.) (citing *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993)), *aff'd o.b.*, 234 F.3d 1271, 2000 WL 1679477 (6th Cir. 2000).

Once the movant has met its burden, the non-movant must present "significant probative evidence" to demonstrate that there is more than "some metaphysical doubt as to the material facts."

*ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x at 404 (quoting *Moore*, 8 F.3d at 339-40)).  **The non-movant may not rest on the mere allegations of his pleadings.**  *Griffin v. Reznick*, – F. Supp.2d –, –, 2008 WL 5110528, *3 (W.D. Mich. Dec. 2, 2008) (Maloney, C.J.) (citing *Wilson*, 112 F. Supp.2d at 654 (citing FED. R. CIV. P. 56(e) and *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995))); *see also Transition Healthcare Assocs., Inc. v. Tr-State Health Investors, LLC*, – F. App'x –, –, 2009 WL 67869, *4 (6th Cir. Jan. 9, 2009).  If the movant puts forward evidence – such as affidavits, purported business records, purported government records, etc. – the other party cannot withstand summary judgment by simply sitting mute and failing to challenge the authenticity or veracity of those documents.  *See, e.g., Donoho ex rel. Kemp v. Smith Cty. Bd. of Ed.*, 21 F. App'x 293, 298 (6th Cir. 2001) (Boggs, J.) (affirming summary judgment for defendant employer, Circuit noted that plaintiff's "affidavit does nothing to challenge the evidence put forward by the defendants that the last IEP meeting, occasioned by her complaint, also included provision to her of the apparently usual verbal and written notices of her rights.").[1]

Moreover, the mere existence of an alleged factual dispute between the parties will not defeat an otherwise properly supported summary judgment motion; there be some genuine issue of *material* fact.  *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Conley*, 266 F. App'x at 404 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986))).

The court must accept the non-movant's factual allegations, *ACLU v. NSA*, 493 F.3d 644, 691 (6th Cir. 2007) (concurrence) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), *cert.*

---

[1] *Accord Healing Place at No. Oakland Med. Ctr. v. Allstate Ins. Co.*, 744 N.W.2d 174, 177 (Mich. App. 2007) ("When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial.") (citing *Quinto v. Cross & Peters Co.*, 547 N.W.2d 314, 317 (Mich. 1996)).

*denied*, – U.S. –, 128 S.Ct. 1334 (2008),[2] and view the evidence in the light most favorable to the non-movant, giving it the benefit of all reasonable inferences. *Fox v. Eagle Dist. Co., Inc.*, 510 F.3d 587, 592 (6th Cir. 2007) (Griffin, J.); *see also Patterson*, – F.3d at –, 2009 WL 22859 at *6.[3]

But the court considers evidence only to the extent that it would be admissible at trial. *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Healing Place*, 744 N.W.2d at 177 (citing MICH. CT. R. 2.116(G)(6) and *Veenstra v. Washtenaw Country Club*, 645 N.W.2d 643, 648 (Mich. 2002))).

Ultimately, "[e]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party w[ould] bear the burden of proof at trial.'" *ARS*, – F. Supp.2d at –, 2008 WL 828112 at *13 (citing *Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 447 (6th Cir. 2007) (quoting *Celotex*, 477 U.S. at 322)).[4] "As Chief Judge Bell has characterized the post-trilogy summary-judgment standard,

---

[2]

*Accord Fall v. Loudon*, 2008 WL 375989, *6 (Mich. App. Feb. 12, 2008) (citing *Dolan v. Continental Airlines/Continental Express*, 563 N.W.2d 23, 26 (Mich. 1997)).

[3]

*Accord Denha v. Dart Props., Inc.*, 2009 WL 30459, *1 (Mich. App. Jan. 6, 2009) (p.c.) (P.J. Zahra, JJ. O'Connell & Fort Hood) (citing *Walsh v. Taylor*, 689 N.W.2d 506, 511 (Mich. App. 2004) (citing *Spiek v. MDOT*, 572 N.W.2d 201 (Mich. 1998))).

[4]

A trilogy of 1986 Supreme Court decisions "made clear that, contrary to some prior precedent, the use of summary judgment is not only permitted but encouraged in certain circumstances . . . ." *Collins v. Assoc'd Pathologists, Ltd.*, 844 F.2d 473, 475-76 (7th Cir. 1988). *Accord In re Fin. Federated Title & Trust, Inc.*, 347 F.3d 880 (11th Cir. 2003) (the trilogy "encourage the use of summary judgment as a means to dispose of factually unsupported claims.");

*Hurst v. Union Pacific Rail Co.*, 1991 WL 329588, *1 (W.D. Okla. 1991) ("This trilogy of cases establishes that factual and credibility conflicts are not necessarily enough to preclude summary judgment and encourage that a summary judgment be used to pierce the pleadings and determine if there is in actuality a genuine triable issue."), *aff'd*, 958 F.2d 1002 (10th Cir. 1992);

*Bowser v. McDonald's Corp.*, 715 F. Supp. 839, 840 (S.D. Tex. 1989) (the trilogy "encouraged federal district courts to use summary judgment more frequently and economically by

'[w]hile preserving the constitutional right of civil litigants to a trial on meritorious claims, the courts are now vigilant to weed out fanciful, malicious, and unsupported claims before trial.'" *Ellis v. Kaye-Kibbey*, 581 F. Supp.2d 861, 874 (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Wilson*, 112 F. Supp.2d at 654).

## DISCUSSION

Malik failed to file a brief in opposition to AT&T's motion for summary judgment, nor did she move for an extension of time in which to do so. The court concludes that the time for Malik to take either course of action has passed.

Both plaintiffs' counsel and defense counsel are attorneys registered to participate in this court's Electronic Case Filing ("ECF") computer system. AT&T electronically filed the motion for summary judgment through ECF on Thursday, December 11, 2008.

First, W.D. MICH. LCIvR 5.7(d)(iv), entitled Electronic Filing - Deadlines, provides in pertinent part, "an electronically filed document is deemed filed upon completion of the transmission and issuance by the Court's system of an NEF." Customarily the Court's ECF system generates an NEF and transmits it to the filing counsel that same day. Accordingly, the court finds that AT&T's motion was filed on Thursday, December 11, 2008.

Second, W.D. MICH. LCIvR 5.7(d)(i)(ii), entitled Service of Electronically Filed Documents - Service on Registered Attorneys, states in pertinent part, "Consequently, service of an electronically filed document upon a registered attorney is deemed complete upon the transmission of an NEF to

---

changing the movant's burden of production . . . and by allowing qualitative review of evidence") (citations omitted).

that attorney under subsection (i)(iv) of this rule and no certificate of service should be filed." Accordingly, the court finds that Malik's counsel was served with AT&T motion for summary judgment on that same date, Thursday, December 11, 2008.

Third, AT&T's motion for summary judgment is a dispositive motion as defined by W.D. MICH. LCIVR 7.2(a), and "[e]very party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials", W.D. MICH. LCIVR 7.2(c). To determine when Malik's 28 days started, the court consults FED. R. CIV. P. 6(a)(1), which directs us to "[e]xclude the day of the act . . . that begins the period." Accordingly, the court finds that Malik's 28 days did not start until Friday, December 12, 2008.

Fourth, because the period of time involved is greater than ten days, FED. R. CIV. P. 6(a)(2) directs the court to include weekends and holidays. Starting on Friday, December 12, 2008 and counting every day, Malik's 28 days to file an opposition brief expired on Thursday, January 8, 2009.

Fifth, although the rule makes little sense in the age of electronic filing and service, the Maliks seem to be entitled to an extra three days because the Rules still "allow three days" for her brief to arrive at the Clerk's Office by paper mail. *See* W.D. MICH. LCIVR 5.7(d)(i)(v), Effect on Time Computation ("The additional three days to do an act or take a proceeding after service of a document applies when service is made electronically, by virtue of FED. R. CIV. P. 6(d)."). Allowing the extra three days for "mailing", Malik's opposition brief was due on Sunday, January 11, 2009, which is treated as Monday, January 12, 2009. *See* FED. R. CIV. P. 6(a)(3) (when the last day of a period falls on a weekend or holiday, the deadline moves to the court's next business day). That was over a week ago, and the court need not wait further for a response from Malik.

There is authority that "'if a plaintiff fails to respond or otherwise to oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.'" *Humphrey v. USAG*, 279 F. App'x 328, 331 (6th Cir. 2008) (Griffin, J.) (citing *Scott v. State of Tennessee*, 1989 WL 72470, *2 (6th Cir. July 3, 1989) (affirming grant of defendant's unopposed summary-judgment motion)).  But the court proceeds to consider the merits of AT&T's motion, and the outcome is the same.  The Fair Credit Reporting Act governs the use of "consumer reports", and 15 U.S.C. § 1681a(d) defines "consumer report" as

> any written, oral, or other communication of any *information* by a consumer reporting agency *bearing on a consumer's credit worthiness [sic], credit standing, credit capacity, character, general reputation, personal characteristics or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for –
>
> (A)   credit to be used primarily for personal, family, or household purposes;
>
> (B)   employment purposes; or
>
> (C)   any other purpose authorized under section 604 [15 U.S.C. § 1681b)].

Emphasis added.

AT&T has submitted the affidavit of an Experian consumer-affairs specialist, stating that Experian did not provide AT&T Mobility with any information relating to Malik's creditworthiness or the like.   *See* AT&T's MSJ, Ex B (Affidavit of Kira Walker ¶ 5).  The Experian affidavit explains that Experian merely performed a "social search" in response to an AT&T Mobility inquiry, i.e., a search that does nothing more than verify a person's name, address, and sometimes her social security number.[5]  *See id.* ¶ 4.  AT&T has submitted two one-page reports from Experian, each

---

5

*See generally Edge v. Professional Claims Bureau, Inc.*, 64 F. Supp.2d 115, 116 (E.D.N.Y.

bearing the words "Report date: April 03, 2008. One report states "Date of Request: 02/04/2008", while the other report states "Date of Request: 02/16/2008." *See* AT&T's MSJ, Ex A. The reports contain no information about Malik except an address and a toll-free (area code 877) phone number.

Malik does nothing to question the authenticity of the Experian report printouts submitted, or to challenge the veracity or accuracy of any statements contained in the Experian affidavit. Absent any such countervailing evidence or testimony (e.g., an affidavit or a deposition transcript) from Malik, she has not carried her burden of showing that there is a genuine issue of material fact as to all the elements of her claim. The court must accept as true the uncontroverted Experian affidavit. The court likewise must accept as authentic and accurate the two Experian Report printouts. *See, e.g., Hendrixson v. BASF Const. Chems., LLC*, 2008 WL 3915156, *18-19 (W.D. Mich. Aug. 20, 2008) (Maloney, C.J.) (accepting defendant's sworn statements as true in the absence of any challenge from plaintiff, and granting summary judgment to defendant on ADA claim) ("Hendrixson has not denied that she characterized herself to BASF as claustrophobic; has not contested BASF's statement that this condition made her unwilling to wear a respirator; and has not denied that the unwillingness to wear a respirator rendered her unable to perform certain non-packager tasks to which she might have been reassigned in an attempt to keep her employed . . . ."); *Thorn v. Northside Hosp.*, 2008 WL 2559291, *6 n.7 (W.D. Mich. June 23, 2008) (Miles, J.) (On

---

1999) (granting summary judgment to defendant on FCRA and other claims) ("Professional used that number to conduct the May 1997 search, known in the industry as *a "social search", to obtain Edge's address*. * * * As clearly stated in that report, a "social search" such as that conducted on behalf of Professional, is not reported as a credit inquiry.") (emphasis added);

*State v. Sella*, 713 N.Y.S.2d 262, 265, 185 Misc.2d 549, 553 (N.Y. Sup. Ct. 2000) ("Plaintiff contends that it had to trace defendant's current address using the computer locator services of . . . Equifax and Experian Social Search . . . .") (not published in A.3d).

defendant's summary-judgment motion, the court accepted as true the defendant's statement that plaintiff received a notice of his right to seek an extension, because "[i]n his response, plaintiff has not disputed that he received this notice with his [COBRA] election form").

This necessarily leads the court to conclude, as a matter of law, that the information AT&T obtained from Experian did not constitute a "consumer report" as defined by 15 U.S.C. § 1681a(d). *See, e.g., U.S. Small Business Admin. v. McDonald*, 1985 WL 13600, *1 (6th Cir. Aug. 15, 1985) (p.c.) ("Even assuming the checks and money orders were mailed, there is no genuine issue as to their receipt. McDonald offers nothing to dispute the sworn affidavit that payment was not received. Payment does not occur without receipt. Summary judgment was appropriate."); *US v. One 1983 Mercedes-Benz 380SL*, 1991 WL 276262, *6 (6th Cir. Dec. 20, 1991) (Nelson, Ryan, W.D. Ky. D.J. Ronald Meredith) ("[C]laimant's verified claim contains a sworn statement by the company's general manager '[t]hat at no time did A.D.E. have any knowledge or reason to believe that the property in which it claims an interest was being used or would be used in violation of the law.' The government has produced nothing to dispute the truth of that assertion. * * * The government has pointed to no facts that would entitle it to defeat A.D.E.'s claim, and A.D.E. is entitled to summary judgment . . . ."); *Robbins v. Black*, 2008 WL 4146185, *9 (E.D. Ky. Sept. 5, 2008) (Wilhoit, Sr. D.J.) ("Black, is also entitled to judgment in her favor. She has stated under oath that she does not remember having any part in his care, and *Plaintiff has not contradicted her affidavit or exhibits. * * * In fact, he has not filed a Response to the nurse's Motion for Summary Judgment, and may be considered to have waived this claim.*") (emphasis added) (citing *Humphrey v. USAG*, 279 F. App'x 328 (6th Cir. 2008) (Richard Allen Griffin, J.)).

Because Malik has not shown a genuine issue as to whether the reports in question were

"consumer reports" within the meaning of the FCRA, her FCRA claim against AT&T Mobility and its employees fails.

## ORDER

The defendant's unopposed motion for summary judgment as to the second amended complaint [document # 33] is **GRANTED.**

The second amended complaint is **DISMISSED.**

The case is **TERMINATED and CLOSED.**

This is a final order, but it may not be appealable. *See Humphrey v. USAG*, 279 F. App'x 328 (6th Cir. 2008) (Griffin, J.) ("It is well settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue would result in a plain miscarriage of justice. Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") (citing, *inter alia*, *Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 2007) (citing *Hood v. Tenn. Student Assistance Corp.*, 319 F.3d 755, 760 (6th Cir. 2003))).

**IT IS SO ORDERED this 23rd day of January 2009.**

/s/ Paul L. Maloney  
Honorable Paul L. Maloney  
Chief United States District Judge